# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Jeff Robinson, et al., | Case No. 3:17-cv-00261-WHR-MJN |
| Plaintiffs, | Judge Rice |
| | Magistrate Judge Newman |
| v. | |
| Wells Fargo Bank, N.A., | STIPULATED PROTECTIVE ORDER |
| Defendant. | |

This case is before the Court upon the Joint Motion for Protective Order filed by Plaintiffs Jeff and Vera Robinson and Defendant Wells Fargo Bank, N.A. To allow the parties to exchange discovery, the parties jointly ask the Court to enter a protective order limiting the disclosure of any confidential information.

THEREFORE, in accordance with the Joint Motion of the parties and for good cause shown, this Court enters the following order:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. This Stipulated Protective Order does not authorize filing under seal. Should any party wish to file a "confidential" document under seal, then, pursuant to *Proctor and Gamble v. Bankers Life Co.*, 78 F.3d 219 (6th Cir. 1996), the party shall file a motion showing good cause

and the legal basis for the sealing of such documents. Upon entry of an order granting the motion, the documents shall be submitted to the Court under seal in accordance with S.D. Ohio Loc. R. 5.2.1.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the parties' counsel, for any business, commercial or competitive purposes, or for any purpose whatsoever other than solely in connection with this litigation and in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel, and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) experts specifically retained as consultants or expert witnesses in connection with this litigation; (e) fact witnesses subject to proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (f) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(d) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in connection with this litigation. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such information.

8. Nothing in this Order shall prevent a party from using information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation and all appeals, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding one archival copy of all documents filed with the court and materials which in the good faith judgment of counsel are work product materials, shall either be destroyed by the non-producing party with a certification by counsel that the information has been destroyed, or shall be returned to the individual or entity having produced or furnished same.

11. In the event any party to this litigation disagrees with any designation made under this Protective Order, that party shall serve written notice of such objection to the opposing party. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

IT IS SO ORDERED.

MICHAEL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

| | |
|---|---|
| /s/Sean M. Kohl per approval 3/19/18 | /s/Scott A. King |
| Sean M. Kohl (0095258) | Scott A. King (0037582) (Trial Attorney) |
| Doucet & Associates Co., LPA | Jessica E. Salisbury-Copper (0085038) |
| 700 Stonehenge Parkway, Suite 2B | Thompson Hine LLP |
| Dublin, Ohio 43017 | 10050 Innovation Drive, Suite 400 |
| Telephone: 614.944.5219 | Miamisburg, Ohio 45342 |
| Facsimile: 808.638.5548 | Telephone: 937.443.6854 |
| Sean@Doucet.Law | Facsimile: 937.443.6635 |
| | Scott.King@ThompsonHine.com |
| | Jessica.Salisbury-Copper@ThompsonHine.com |

*Counsel for Plaintiffs*
*Jeff and Vera Robinson*

*Counsel for Defendant Wells Fargo Bank, N.A.*

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. I have read and understand, and will comply with the provisions of the Stipulated Protective Order entered by the Court in *Robinson, et al. v. Wells Fargo Bank, N.A.*, United States District Court for the Southern District of Ohio Case No. 3:17-cv-00261-WHR-MJN.

2. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials designated confidential pursuant to the Stipulated Protective order.

3. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

4. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents, or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

5. I submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purposes of enforcing the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed: _____, 20___.

_____
(Signature)

_____
(Title or Position)

_____
(Employer)